**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **CHRISTOPHER HAWKINS**, | Case No. **6:24-cv-951** |
| Plaintiff, | **COMPLAINT** |
| v. | (§1983 claims: Fourth Amendment – Excessive Force; Assault; Battery; IIED) |
| **THE CITY OF EUGENE;** and **JOHN DOES I-V**, unknown SWAT Officers with the Eugene Police Department, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1.      Plaintiff brings this action to remedy violations of Plaintiff's constitutional and statutory rights under Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983. Plaintiff seeks compensatory damages, as well as his attorneys' fees and costs.

PAGE 1 – COMPLAINT

## JURISDICTION

2.      This court has jurisdiction over the subject matter of this Complaint under

42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

3.      Venue is proper within the District of Oregon because all of the events giving rise

to this claim occurred in this judicial district, and all defendants reside in this judicial district.

28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred in Eugene,

Lane County, Oregon.

## PARTIES

4.      Plaintiff is a resident of Oregon.

5.      Defendant City of Eugene ("the City") is and at all material times hereto has been

a municipal corporation in the State of Oregon. The Eugene Police Department ("EPD") is the

law enforcement agency of the City. As a local governmental entity, the City is a person under

42 U.S.C. § 1983. At all material times, the City employed Defendant John Does I-V.

6.      Defendant John Does I-V ("Doe Defendants") are or at all material times were

EPD officers, employees, and agents of the EPD acting under color of law and are sued in their

individual capacities. Plaintiff does not know the names of the Doe Defendants and is suing them

under fictitious names. Once plaintiff learns the identities of the officers, he will amend the

complaint accordingly.

## FACTS

7.      On July 21, 2022, in the very early morning hours, the special investigative unit

for the Eugene Police Department, Rick Lowe, and the Eugene Police Department swat team

executed a warrant on 29000 Crow Rd., Eugene, Oregon 97402.

8.      Around 25 heavily armed SWAT officers and Eugene Steet Crimes Unit Officers arrived with one or two armored vehicles. Officers first went to the neighboring house. Believing Plaintiff lived there, they knocked on the door and, after the owner, Douglas Culbertson came to the door, they handcuffed Douglas Culbertson. Mr. Culbertson indicated that Plaintiff did not reside in Mr. Culbertson's house. Officers then turned the 29000 residence. Officers did not knock on the door, request that Plaintiff come outside at this time, or make any effort to execute the warrant prior to the use of force.

9.      Plaintiff was awakened by a concussion grenade thrown or launched into the laundry room adjacent to the bedroom he was sleeping in. Plaintiff did not know what the loud sound was and was terrified. Then the officers began shooting the windows out of the house with 40 mm rubber projectiles and then stated over the loudspeaker for plaintiff to come out of the house.

10.     Plaintiff was wearing shorts and a t-shirt, but no socks and shoes, as he had been awakened by a grenade. Plaintiff, upon hearing the command from the loudspeaker, complied with this request, and exited the house from the door closest to the bulk of officers and the armored vehicles. Plaintiff exited with his hands in the air and upon seeing multiple officers with guns drawn on him, got down on the ground face down.

11.     One of the officers near the armored vehicle ordered plaintiff to get up onto his knees, turn around with his hands in the air, and slowly walk (on his knees) backwards toward the sound of his voice. Plaintiff complied. This was painful since he was wearing no shoes or socks, and the driveway was graveled.

12.     When Plaintiff reached near the front of the running vehicle the officer was standing next to, he could no longer hear the officer's voice. Not hearing the voice any longer, he

stopped, still on his knees with his hands up. Without warning, and even though Plaintiff posed

no risk and was not resisting arrest in any way, the officer shot Plaintiff point blank in the back

three times with a projectile weapon. The force of the shot knocked him face down onto the

gravel driveway. Because of how forceful and unexpected the attack was, and his hands being in

the air, Plaintiff was not able to catch his fall and he hit the ground face first.

13.     Immediately after this, plaintiff was grabbed and handcuffed and taken to a

vehicle. At no point did Plaintiff resist the officers.

## CLAIM I

## (42 U.S.C. § 1983)

## (Fourth Amendment – Excessive Force)

## (Against Doe Defendants)

14.     Plaintiff realleges and incorporates all previous paragraphs.

15.     Plaintiff has a right to be free from unreasonable force as guaranteed by the

Fourth Amendment to the United States Constitution.

16.     Defendants' intentional use of physical force constituted a seizure under the

Fourth Amendment.

17.     As alleged above, Defendants violated Plaintiff's right to be free from undue and

unreasonable force. Defendants' use of force was objectively unreasonable under the

circumstances, unjustifiable, and constituted unlawful seizure and excessive force.

18.     Plaintiff did not pose any threat to any officers or any other person or resist arrest.

When Plaintiff was shot with projectiles in the back for no reason, he was complying with policy

directives and did not pose a threat to anyone. When the officers threw a concussion grenade into

his house to wake him and then shot the windows out in his house, there was no need for this use

of force; again, he did not pose a threat to anyone. These actions were objectively and subjectively unreasonable. Nothing about plaintiff's demeanor or actions or the circumstances of these assaults warranted the use of force.

19.     Defendants' seizures of Plaintiff were objectively unreasonable. Using projectiles and concussion grenades and physical force against plaintiff who posed no threat to anyone's safety is an unconstitutionally excessive use of force.

20.     Defendants while acting under color of law deprived Plaintiff of his Fourth Amendment rights.

21.     At all material times, the law was clearly established that Defendants' uses of force, in the manner and under the circumstances used against Plaintiff, who was nonviolent and attempting to comply, were objectively unreasonable, and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated his clearly established Fourth Amendment rights.

22.     Defendants' conduct caused Plaintiff bodily harm, physical pain, and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

23.     Defendants' acts were willful and malicious and done with reckless indifference to Plaintiffs' protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

24.     Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

**CLAIM II**

**(42 U.S.C. § 1983)**

**(Fourth Amendment – Excessive Force)**

**(Against the City of Eugene)**

25.    Plaintiff realleges and incorporates all previous paragraphs.

26.    The Doe defendants acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the City to allow officers to use disproportional force against peaceful protesters. The City has tacitly and explicitly authorized this use of force and knew or reasonably should have known that it would lead to the constitutional violations alleged herein.

27.    The City failed to adequately supervise or train its employees with respect to the Fourth Amendment rights of suspects such as Plaintiff who were peaceful and complying with police orders. Specifically, the City's failure to investigate and discipline officers for Fourth Amendment violations amounts to deliberate indifference to Plaintiff's rights. Specifically, the City of Eugene and the Eugene Police Department have policies, customs, and practices of:

    a.    Not removing officers from active duty who have committed violations of policy, used excessive force on individuals, or committed crimes against individuals;

    b.    Not disciplining officers for violating the constitutional rights of individuals.

    c.    Providing inadequate "use of force" training to Eugene Police Department officers;

    d.    Providing inadequate training to Eugene Police Department officers on the use of projectile weapons such as the kind employed in this case;

e.      Providing inadequate training to Eugene Police Department officers on basic civil rights, including when use of force is allowed under the law;

f.      Allowing Eugene Police Department officers to assault individuals, then charging those individuals with resisting arrest; and

g.      Refusing to turn over officer's body camera footage to avoid oversight by the public and to conceal the City's use of excessive force.

28.     The Eugene Chief of Police had final policy making authority for the City and Eugene Police Department. His failure, and the failure of those under his supervision and command, to act in light of the routine use of excessive force in the manner described herein, as well as the specific instances alleged above, ratified the Doe defendants' conduct.

29.     The City, acting pursuant to this policy, custom, or practice, unlawfully used force against Plaintiff as alleged above.

30.     The failings of the City of Eugene and the Eugene Police Department's policies, customs, and practices caused Plaintiff bodily harm, physical pain, and emotional distress. Plaintiff is entitled to compensatory damages in an amount to be determined at trial.

31.     Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## CLAIM III

### (Assault)

### (Against the City of Eugene)

32.     Plaintiff realleges and incorporates all previous paragraphs.

33.     Defendant intended and attempted to cause a harmful or offensive contact with Plaintiff and had the present ability to carry that intention into effect, to wit by shooting or launching projectiles, including a concussion grenade into his house without warning.

34.     As a result of the battery described above, Plaintiff has suffered injuries and damages as alleged above, which are realleged and incorporated by reference herein.

## CLAIM IV

### (Battery)

### (Against the City of Eugene)

35.     Plaintiff realleges and incorporates all previous paragraphs.

36.     Defendant intended and attempted to cause harmful or offensive touching with Plaintiff and succeeded in those attempts, as alleged above, to wit, shooting him in the back with projectiles.

37.     These constituted harmful and offensive contact with Plaintiff.

38.     As a result of the battery described above, Plaintiff has suffered injuries and damages as alleged above, which are realleged and incorporated by reference herein.

## CLAIM V

### (Intentional Infliction of Severe Emotional Distress)

### (Against the City of Eugene)

39.     Plaintiff realleges and incorporates all previous paragraphs.

40.     Defendant, in engaging in acts constituting battery and assault, knew or should have known that severe emotional or mental distress was certain or substantially certain to result to Plaintiff.

41.     Defendant's acts consisted of an extraordinary transgression of the bounds of socially tolerable conduct.

42.     Defendant's acts exceeded any reasonable limit of social toleration causing his severe emotional and mental distress.

43.     As a result of Defendant's acts, Plaintiff suffered injuries and damages as alleged above, which are realleged and incorporated by reference herein.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment granting him:

a) An award of compensatory damages in a sum that is just as determined by a jury;

b) An award of punitive damages in a sum that is just as determined by a jury;

c) Plaintiff's costs and attorney fees in this suit, and

d) Any additional relief this court deems just, proper, and equitable.

**Plaintiff demands a trial by Jury.**

Dated: June 14, 2024

**Law Offices of Daniel Snyder**

*/s/ John Burgess*
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff