IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER HAWKINS,                                    Case No. 6:24-cv-00951-JR

           Plaintiff,                              FINDINGS AND
                                                       RECOMMENDATION
    v.

THE CITY OF EUGENE; and JOHN DOES
I-V, unknown SWAT Officers with the Eugene
Police Department,

           Defendants.

_____

RUSSO, Magistrate Judge:

       Plaintiff Christopher Hawkins brings this action against defendants the City of Eugene

("City") and John Doe SWAT Officers with the Eugene Police Department ("SWAT Officers").

Defendants now move to dismiss plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6).

For the reason stated below, defendants' motion is granted.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

This case centers on defendants' execution of a warrant at plaintiff's residence on July 21, 2022. On June 14, 2024, plaintiff initiated this action alleging: (1) excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 against the SWAT Officers; (2) excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 against the City; (3) assault against the City; (4) battery against the City; and (5) intentional infliction of emotional distress against the City. *See generally* Compl. (doc. 1).

On July 26, 2024, defendants lodged the present motion to dismiss. In response, plaintiff concedes that he "failed to allege that he filed a tort claim notice as required under the Oregon Tort Claims Act (OTCA), ORS 30.275" and "therefore does not oppose Defendant's motion." Pl.'s Resp. to Mot. Dismiss 1 (doc. 9).

## STANDARD

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes for the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**DISCUSSION**

The OTCA provides that a plaintiff asserting state law tort claims against a public body or its employees must give notice of such claims "within 180 days after the alleged loss or injury." Or. Rev. Stat. § 30.275(2)(b). Notice can be formal or actual, or through the commencement of a civil action within the applicable time period. Or. Rev. Stat. § 30.275(3). "[T]he plaintiff has the burden of proving that notice of claim was given." Or. Rev. Stat. § 30.275(7). "[T]he pleading and proof of notice sufficient to satisfy the requirements of ORS. 30.275 is a mandatory requirement and a condition precedent to recovery." *Urban Renewal Agency of Coos Bay v. Lackey*, 275 Or. 35, 40, 549 P.2d 657 (1976).

Plaintiff acknowledges his complaint does not plead that the requirements of Or. Rev. Stat. § 30.275 have been met. Indeed, plaintiff makes no mention of delivering formal or actual notice. Nor can this action, commenced more than 180 days after defendants' allegedly wrongful actions, satisfy the notice requirement. Accordingly, defendants' motion is granted as to plaintiff's state law claim.

**CONCLUSION**

For the foregoing reasons, defendants' Partial Motion to Dismiss Claims (doc. 7) should be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections

to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 2nd day of October, 2024.


_____
/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge